```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MICHAEL CAREY,                           :
                        Petitioner,      :
                                         :        10 Civ. 3873 (DLC)
             -v-                         :
                                         :        OPINION and ORDER
SUPERINTENDENT SUSAN A. CONNELL,         :
                                         :
                        Respondent.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Pro Se Petitioner:
Michael Carey
07 A 5492
Oneida Correctional Facility
6100 School Rod
Rome, NY 13440

For Respondent:
Andrew A. Kass
Sr. Assistant District Attorney
Office of the District Attorney of Orange Co.
County Government Center
Goshen, NY 10924

DENISE COTE, District Judge:

    Michael Carey ("Carey"), proceeding pro se, brings this
petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254, challenging his conviction after a jury trial for two
counts of sexual abuse in the first degree, one count of course
of conduct against a child in the second degree, and one count
of endangering the welfare of a child.  Carey now asks for
habeas relief on four grounds: (1) that his interrogation by the

police was coercive, making his confession involuntary, (2) that the district attorney unfairly prejudiced him by vouching for witnesses and evidence during summation, (3) that the trial court erred in disallowing the testimony of Dr. Lazarro, an expert witness who was to testify on the issue of alcohol blackouts, and (4) that the trial court erred in excluding as irrelevant the testimony of Carey's grandmother and half-sister, who were to testify about conversations with the victim that might put her credibility into question, and that of Daniel Rozinsky, who was to testify that Carey did things while drunk that he did not seem to remember afterwards.

Carey also includes a fifth ground for his petition emphasizing the importance of Dr. Lazarro's testimony in showing that Carey's confession was not reliable. Because the issues in this fifth ground are the same as those in grounds one and three, the Court declines to address this fifth ground separately.

This case was referred to Magistrate Judge Lisa Margaret Smith for a report and recommendation ("Report") on June 2, 2010. The Report was issued on August 1, 2011 and recommended that the petition be denied. Carey's objections to the Report were received on September 26, 2011. This Opinion adopts the Report's recommendation that the petition be dismissed.

BACKGROUND

The facts relevant to this petition are set forth in the Report and summarized here.  On January 5, 2007, State Police Investigator Sandra Hall ("Hall") and Village of Goshen Police Department Investigator Richard Buono ("Buono") traveled to Carey's house and attempted to interview him regarding an incident of sexual abuse against Carey's daughter.  They asked Carey to come with them to their office to answer some questions and Carey agreed.  The officers then drove Carey to their office in their police vehicle, which was unmarked.  Carey was not handcuffed nor told he was under arrest.

At the office, the officers escorted Carey into an interview room, gave him a cup of coffee, read him his Miranda rights, and asked Carey to read these rights out loud.  Carey then signed a waiver of his Miranda rights, acknowledged that he understood these rights, and agreed to speak with the investigators without an attorney present.  Over the course of the subsequent interview, he was given a bathroom break, two cigarette breaks, and water, and was offered food.

Initially, Carey denied that he had sexually abused his daughter, but claimed that he periodically blacked out when drinking and could not remember what he had done.  He then corrected and signed a statement, typed by Hall, which stated in part, "My ten year old daughter . . . is a very honest girl,"

3

and, "I do not want to believe I did this to her.  I just don't know if I did."  The statement also advised Carey of his <u>Miranda</u> rights a second time.

After further questioning, Carey admitted to remembering several instances of sexual abuse against his daughter.  He then corrected and signed a second statement that recounted details of the abuse, and stated, "I am giving this statement to Investigator Sandra Hall of my own free will. . . .  I lied when I said I didn't remember if I touched [my daughter]."  This statement advised Carey of his <u>Miranda</u> rights a third time.

While Hall was typing Carey's statements, Carey wrote two letters to his daughter.  The second letter stated, among other things, "What I did to you was very wrong and not your fault." After he corrected and signed his second statement, Carey was arrested.

Before trial, Carey made a motion to suppress the statements he made to Hall and Buono.  The court held a hearing on this issue on May 4 and 7, 2007, and issued a written opinion on June 20, 2007 denying Carey's motion to suppress in its entirety and ruling the statements admissible.  The court held, <u>inter</u> <u>alia</u>, "Under the totality of the circumstances . . . the People have met their burden of proving beyond a reasonable doubt that defendant's statements were voluntary."

4

At trial, the People presented the testimony of the daughter, her mother, Hall, and Buono, as well as the written statements and letters from the January 5, 2007 interview. Carey testified in his own defense.  The defense also presented a witness who was an expert in police interrogation, a health services administrator who produced and identified Carey's medical records from the Orange County Jail, and a caseworker at the Orange County Jail who identified records indicating that Carey had been referred to crisis intervention for depression.

The defense sought to present additional witness testimony from Dr. Lazzaro, an expert witness on the issue of alcohol blackouts, Daniel Rozinsky, who was to testify on Carey's memory of his behavior when drunk, and Carey's grandmother and half sister, who were to testify on issues related to the victim's credibility.  The Court, however, determined this testimony to be inadmissible.

During summation, the prosecutor stated that the victim's testimony "had such a loud ring of truth that it was deafening in this courtroom."  He also made comments about the neatness of Carey's handwriting in the letters he wrote to his daughter.

After deliberations, the jury found Carey guilty on all counts in the indictment.  He was sentenced to a determinate term of seven years' imprisonment followed by five years of post-release supervision for each of the first three counts and

to a determinate sentence of one year imprisonment on the fourth count, to be served concurrently.

Carey appealed his conviction to the Appellate Division, Second Department, on the same grounds that he raises in the present petition.  The Appellate Division affirmed the conviction on all counts.  On December 17, 2009, Carey sought leave to appeal to the New York State Court of Appeals.  His application was denied on March 9, 2010.  On April 7, 2010, Carey timely filed the present habeas petition.

DISCUSSION

Where a state court has reached the merits of a federal claim, habeas relief may not be granted unless the state court's decision was "contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court shall conduct a de novo review of those sections of a report to which a petitioner objects. Carey objects to the Report's conclusions with respect to all four grounds of his petition. Upon de novo review, however, the petition is denied.

## I. Petitioner's Statements

Carey claims that he was suffering from alcohol withdrawal at the time he made his statements to law enforcement, that Hall and Buono tricked him into believing he was not the subject of their investigation, that Hall and Buono told him he would get treatment and would not go to prison if he cooperated, and that Hall had yelled at him and threatened him. For these reasons, among others, he claims that his statements were involuntary.

In determining whether a confession is voluntary, Supreme Court precedent dictates that courts must look to "the totality of all the surrounding circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). The relevant inquiry is not into the truthfulness of the confession, but whether the officers' conduct "was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined." Rogers v. Richmond, 365 U.S. 534, 544 (1961).

As the Report points out, the trial court conducted a full hearing on the issue of the voluntariness of Carey's statements. The hearing lasted two days, and included testimony from both

Hall and Buono.  Hall and Buono testified that Carey came with
them willingly to their office for questioning, that he was calm
and coherent at the time his Miranda warnings were administered,
that he affirmatively stated that he understood these rights,
that there was no smell of alcohol on his breath at this time,
that he was given coffee and water, that he was offered food but
declined, and that he was given several breaks.  These facts
were not rebutted by Carey.

In light of this testimony, the trial court determined that
"[u]nder the totality of the circumstances" Carey's statements
were voluntary.  This determination was affirmed on appeal by
the Appellate Division, Second Department.  These findings
represent a reasonable application of Supreme Court precedent
and, accordingly, Carey's first claim is dismissed.  Cf.
Georgison v. Donelli, 588 F.3d 145, 151-52, 158 (2d Cir. 2009)
(affirming denial of habeas petition because state court
decision on voluntariness of defendant's statements was not an
unreasonable application of Supreme Court precedent).

II.  Prosecutor's Summation

Carey argues that the prosecutor improperly vouched for the
victim in summation when he said that her testimony "had such a
loud ring of truth that it was deafening in this courtroom as
she testified . . . ."  He also argues that the prosecutor made

8

himself an unsworn witness when he commented on the neatness of
Carey's handwriting in his letters to his daughter.

A federal court may not review a claim in a habeas petition
"when a state court declined to address a prisoner's federal
claims because the prisoner had failed to meet a state
procedural requirement," Coleman v. Thompson, 501 U.S. 722, 729-
30 (1991), so long as the state court "clearly and expressly
states that its judgment rests on a state procedural bar."
Harris v. Reed, 489 U.S. 255, 263 (1989) (citation omitted).
The state court's decision must rest not only on an independent
procedural bar under state law, but also on one that is
"adequate to support the judgment."  Jimenez v. Walker, 458 F.3d
130, 138 (2d Cir. 2006).  A state procedural bar is "adequate"
if it "is firmly established and regularly followed by the state
in question" in the specific circumstances presented in the
instant case.  Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir.
2006) (citation omitted).  A petitioner can overcome such
procedural default if he or she can show "actual innocence,"
Schlup v. Delo, 513 U.S. 298, 327 (1995), or "show cause for the
default and prejudice attributable thereto."  Harris, 489 U.S.
at 262 (citation omitted).

As the Report notes, the Appellate Division expressly
stated that Carey's "contentions that the prosecutor improperly
vouched for the complainant during his summation and improperly

9

commented about [Carey's] handwriting are unpreserved for appellate review and, in any event, are without merit."[1]  Despite his assertions to the contrary, Carey has demonstrated neither his actual innocence nor cause for the procedural default. Similarly, Carey does not suggest that New York courts fail to systematically embrace the contemporaneous objection rule.  As such, this claim is procedurally barred.

III.  Defense Witnesses

In his third and fourth claims, Carey contends that the trial court erred in excluding the testimony of Dr. Lazzaro, Daniel Rozinsky, and Carey's grandmother and half sister as irrelevant.  The Report concluded, accurately, that these claims are procedurally defaulted.

"If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred," federal habeas courts "must deem the claim [] procedurally defaulted."  Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (citation omitted).  Carey's failure to

---

[1] The Second Circuit has directed federal courts to address a habeas claim on the merits when the state court held a claim to be "either unpreserved for appellate review or without merit." Jimenez, 458 F.3d at 146 (2d Cir. 2006) (emphasis supplied). Here, by contrast, the Appellate Division stated plainly that its holding rested on a state procedural bar and that the claim was without merit.  It is therefore appropriate to dismiss the claim as procedurally barred.

raise his federal claims on direct review in state court forecloses further collateral review in state court.  N.Y.Crim. P.L. § 440.10(2)(c).  A habeas applicant can escape dismissal due to procedural default only if he can demonstrate "cause for the default and prejudice," or that he is "actually innocent of the crime for which he was convicted."  <u>Carvajal</u>, 633 F.3d at 104 (citation omitted).

As the Report explains, Carey did not raise any federal claim with respect to the exclusion of these witnesses' testimony in state court.  In his objections to the Report, Carey does not disagree with that conclusion.  Carey has not put forward any cause for the default or demonstrated actual innocence.  Thus, having failed to present a federal law claim regarding these defense witnesses to the state court, he cannot do so now.


<u>CONCLUSION</u>

The petition for writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Carey has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk
of Court shall dismiss this petition and close the case.


        SO ORDERED:


Dated:     New York, New York
           January 6, 2012

                              _____
                                    DENISE COTE
                              United States District Judge

COPIES SENT TO:

Michael Carey
07-A-5492
Gouverneur Correctional Facility
112 Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

Andrew R. Kass
Sr. Assistant District Attorney
Office of the Orange County District Attorney
8 Seward Avenue
Middletown, NY 10940